## Case No. 16,250.

### UNITED STATES v. SEMPLE.

[Hoff. Dec. 14.]

District Court, N. D. California. Sept. 1, 1860.

CALIFORNIA LAND CLAIMS — PROCEEDING TO CONTEST OR REFORM SURVEY—INTERLOCUTORY AND FINAL DECREES.

[1. The act of June 14, 1860 (12 Stat. 33), relating to the settlement of private land claims in California. declares that all cases in which proceedings "are pending" for the purpose of contesting or reforming surveys made and approved by the surveyor general "are made subject to this act." *Held*, that a case in which an order had been entered rejecting the original survey. and giving directions for a new and reformed survey, was still "pending." so as to be subject to the act: for such an order is merely interlocutory.]

[2. In such proceedings no decree can be deemed final which does not adopt and approve some survey and plat, fixing with precision every line of the land.]

HOFFMAN. District Judge. The counsel for the claimant [C. D. Semple] in this moves for an order approving a survey made by the surveyor in pursuance of an order heretofore entered, rejecting the original survey, and giving directions for a new and reformed survey to be made. Before proceeding to inquire whether the last survey is in conformity with the directions heretofore given, a preliminary question must be determined.

By the recent act of congress (June 14, 1860). "all cases in which proceedings are pending for the purpose of contesting or reforming surveys made and approved by the surveyor-general, are made subject to the provisions of the act." If, then, in this case, such proceedings are pending, the provisions of the act must be applied to it. To determine whether proceedings are pending within the meaning of the act, the nature of the order or decree heretofore made must be considered. If that decree be a final decree, the case can no longer be said to be pending, and vice versa. It is obvious that, in a large majority of cases, no decree by which one survey is rejected, and another directed to be made, can be deemed a final decree. The directions contained in such a decree must usually be general, and rather determine the principles on which the new survey is made than fix the precise location of the lines. In carrying into effect such directions. new questions, not discussed or considered. may arise, for the previous discussions will naturally have turned rather on the correctness of the original survey, than on the precise location of the new lines directed to be run. In all such cases it is clear that no decree can be deemed final which has not adopted and approved some survey and plat, fixing with precision every line of the land.

It is argued that only one decree is spoken of in the act, viz. the decree determining the true location of the land, and that the order approving such location, when afterwards made, is merely a decretal order, entered after final decree. But from what has been said, it is apparent that in many cases most important questions may arise, upon which testimony must be taken and argument heard, before the court can finally determine to approve and adopt the survey made under its first order. While such questions remain open and undetermined, the decree cannot be said to be final. It may be true, therefore, that the act speaks of only one decree; but if so, it is the decree by which some survey, previously made, is adopted and approved, not the interlocutory order by which a survey is rejected, and directions for the making of another survey given. The language of the act confirms this view. The fifth section provides that "the said plat and survey, so finally determined by publication, order or decree, as the case may be, shall have the same effect, and validity in law as if a patent for the land so surveyed had been issued by the United States." It is obvious that the effect and validity of a patent is here attributed, not to the decree which determines how the survey should be made, but to the plat and survey finally determined by decree or otherwise; clearly showing

that a plot and survey must be before the court, and finally passed upon by it, before the provisions of the act can apply. That a decree adopting and approving some survey before the court was, previously to the passage of the act, alone considered by the supreme court as a final decree, is evident from the case of U. S. v. Fossett [21 How. (62 U. S.) 445]. In that case, this court had given directions in its decree for the location of the land, and had determined every question relative to the location referred to it by the supreme court, or raised by the parties. But the supreme court refused to entertain the appeal, because no survey had been made and adopted by the court. The act of 1860 was not intended to repeal the existing law on this subject, but to define and regulate the jurisdiction already possessed by this court. The decision of the supreme court is therefore an express authority as to the nature and essential elements of a final decree of this court on the location of a land claim.

It is objected that the publication, as required by the third section, cannot be made in this case, and, therefore, that that provision does not apply. This is admitted; for it is obviously too late to make a publication "before any testimony shall be taken," as that section requires. But the important provisions of the act relative to the admission of parties to the suit—the effect of the decree of this court, and the time within which an appeal may be taken, are still susceptible of easy application to this case, and must be deemed to apply to it if it be a pending case, unless the provision of the sixth section, by which pending cases are made subject to the provisions of the act, is wholly nugatory. An advertisement for all parties to intervene can therefore be made in analogy to the advertisement required to be made in cases initiated under the act, and mutatis mutandis to suit the difference between the cases. Again, if this be not a pending case, none of the provisions of the act of 1860 can apply to it. The right of appeal must then exist, if at all, under the provisions of the act of 1851 [9 Stat. 631]. But the appeal heretofore taken from the decree of this court, confirming the claim, has been dismissed by consent. It may thus admit of doubt, whether any appeal from the order or decree of this court, determining how the location shall be made, can be taken. For this cause has not been like the cases decided by the supreme court, remanded to this court for further proceedings. If, however, an appeal will lie. it may be taken at any time during five years. The practical effect, therefore, of withdrawing this cause from the operation of the act of 1860, is so inconvenient, that it affords an argument against adopting any view of the case which would involve such a result.

The cause is in other respects peculiarly within the class with regard to which congress intended to make new provisions and afford new remedies. In passing the act of 1860, congress has in view three great objects: (1) to fix and define the jurisdiction of this court over surveys—by authorizing it within a period strictly limited, to order them before it. (2) To permit all persons, whose interests were involved, to intervene in the proceedings. (3) To limit the time within which appeals were to be taken. These important remedial provisions were, by the act, extended to all cases pending in this court.

In the case at bar it appears that the land, as located by this court, is wholly embraced within the survey and location of an adjoining rancho. The survey of that rancho has been ordered into court, and is now a pending case. The claimant in the present case will have the right, which he will, no doubt, exercise, to intervene in that proceeding. But his adversary has not had, nor if this case be held not to be a pending case, will he ever have, an opportunity to intervene in this cause, for the protection of his interest. The court might thus in this cause, where only one side has been heard, arrive at a conclusion wholly irreconcilable with that which it would reach in the subsequent case, where all parties would be heard, and testimony on both sides be taken. It thus appears that this case is one to which the provisions of the act of 1860 should, if it be possible, be applied. As the act of 1860 prescribes a short period within which appeals may be taken, it is important that no doubt should exist as to the time when the final decree of this court is entered, for from the date of its entry the six months within which the appeal may be taken requires to run. If the decree by which a plat and survey actually before the court is adopted and approved be considered the final decree, a clear and uniform rule is prescribed, admitting of no misapprehension. But if the decree determining the mode in which the survey is to be made be considered final or interlocutory, according as the directions contained in it are more or less precise, the date from which the six months are to begin to run will be left open to doubt and dispute.

Various other considerations might be suggested. Enough has been said to show that on principle, as well as on grounds of convenience, no decree of this court with respect to the location of a land claim should be held to be a final decree which does not approve and adopt a plat and survey previously made, and actually before it. All cases, therefore, in which no such decree has been made. are to be regarded as pending cases, and subject to the provisions of the act of 1860.

The motion for a decree approving the survey made under the previous decree of this court in this case is denied, and the cause must be proceeded in subject to the provisions of the act of 1860. A special order will be entered, directing the proper monition to issue, admonishing all parties to intervene for their interest; and the cause must be

further prosecuted in conformity with the rules adopted by the court in this class of cases